IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Evans, | ) | C/A No.: 0:15-4954-JFA-SVH |
|                 Plaintiff, | ) | |
| vs. | ) | |
| York County, Inc.; City of Rock Hill, Inc.; B.H. Management; Paces River Apartment; Clifford Berinsky; Thomas I. Howard; Brownlee Law Firm, PLLC; Dina D. Biggs; Alyssa Pruitt; and Land Star Transportation Logistic, Inc., | ) | REPORT AND RECOMMENDATION |
|                 Defendants. | ) | |

Reginald Evans ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action seeking compensatory damages and injunctive relief. Plaintiff sues York County, City of Rock Hill, B.H. Management, Paces River Apartment ("Paces River"), Magistrate Judge Clifford Berinsky ("Berinsky"), Thomas I. Howard, Brownlee Law Firm, PLLC, Dina D. Biggs, Alyssa Pruitt, and Land Star Transportation Logistic, Inc. (collectively "Defendants"), alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges Defendants discriminated against him based on his race, disability, and age. [ECF No. 1 at 2]. Specifically, Plaintiff claims Paces River filed an application for ejectment in magistrate court against him on June 17, 2015. *Id.* at 3. Plaintiff states Paces River received a judgment in favor of ejectment that was stayed until July 15, 2015. *Id.* Plaintiff alleges he filed a notice of appeal on July 9, 2015. *Id.* Plaintiff also claims he filed a complaint against Berinsky on July 17, 2015, concerning Berinsky's actions and behaviors in Plaintiff's ejectment action. *Id.* Plaintiff states the matter went before Judge Kimball in the Sixteenth Judicial Circuit on August 13, 2015, and the judgment of ejectment was affirmed. *Id.* Plaintiff claims he filed a notice of appeal with the South Carolina Court of Appeals ("Court of Appeals") on September 17, 2015, and the Court of Appeals dismissed his appeal on November 23, 2015. *Id.* Plaintiff alleges Berinsky signed a writ of ejectment on November 23, 2015, which was served on Plaintiff on November 25, 2015. *Id.* at 4. Plaintiff states the York County magistrate illegally evicted him on December 4. *Id.* Plaintiff claims on or around this same day, the City of Rock Hill refused to issue a warrant for the agents of Paces River. *Id.* at 4. Plaintiff seeks monetary damages and injunctive relief. *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

2

this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally

construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (finding that plaintiff must "offer more detail, however, than the bald statement that he has a valid claim of some type against the defendant").

Plaintiff provides no factual allegations against B.H. Management, Thomas I. Howard, Brownlee Law Firm, PLLC, Dina D. Biggs, Alyssa Pruitt, and Land Star Transportation Logistic, Inc. Accordingly, these defendants are entitled to summary dismissal from the action. Plaintiff's allegations against York County, City of Rock Hill, Paces River and Berinksy are also subject to summary dismissal. Although Plaintiff claims these defendants discriminated against him based on his race and disability, he fails to identify his race or disability. Plaintiff has also not offered anything beyond his own speculation to show these defendants' alleged actions were based on his race, age, or disability. The conclusory allegations in Plaintiff's complaint are insufficient to support his bare allegations of discrimination, and he therefore fails to state a viable civil rights

4

action based on discrimination. *See Bongam v. Action Toyota, Inc.*, 14 F. App'x. 275, 279–80 (4th Cir. 2001) (listing requirements to establish a discrimination claim under 42 U.S.C. § 1981); *see also Simmons v. Poe*, 47 F.3d 1370,1376–78 (4th Cir. 1995) (discrimination claim under 42 U.S.C. § 1985). Accordingly, Plaintiff's complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (statute allowing dismissal of in forma pauperis claims "encompasses complaints that are either legally or factually baseless").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 7, 2016                                Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).