IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Reginald Evans,<br><br>   Plaintiff,<br><br>v.<br><br>York County, Inc.; City of Rock Hill, Inc.; B.H. Management; Paces River Apartment; Clifford Berinsky; Thomas I. Howard; Brownlee Law Firm, PLLC; Dina D. Biggs; Alyssa Pruitt; and Land Star Transportation Logistic, Inc.,<br><br>   Defendants. | C/A No. 0:15-4954-JFA<br><br><br>**ORDER** |

Reginald Evans ("Plaintiff") filed this *pro se* action for seeking compensatory damages and injunctive relief. (ECF No. 1). Plaintiff sues York County, City of Rock Hill, B.H. Management, Paces River Apartment ("Paces River"), Magistrate Judge Clifford Berinsky ("Berinsky"), Thomas I. Howard, Brownlee Law Firm, PLLC, Dina D. Biggs, Alyssa Pruitt, and Land Star Transportation Logistic, Inc. (collectively "Defendants"), alleging a violation of his constitutional rights.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss this case without prejudice and without issuance and service of process. (ECF No. 10). The Report sets forth in

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on January 7, 2016. Plaintiff filed a response to the report on February 8, 2016, but failed to make any specific objections to the report. (ECF No. 12). Instead of making specific objections, Plaintiff merely stated that he did not receive the Report until January 15, 2016, which he claims clearly violated his rights to due process and equal protection.[2] In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 10). Plaintiff's case is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

March 29, 2016                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                                   United States District Judge

---

[2] The Magistrate's Report was entered on the Docket on January 7, 2016. Objections to the Report were due January 25, 2016. Even assuming that Plaintiff received the Report on January 15, 2016, this was in no way a violation of his Constitutional rights. This Court accepted his "objections" on February 8, 2016, which was two weeks after the January 25, 2016 due date. In sum, Plaintiff received more than enough time to file specific objections to a six (6) page Report. Plaintiff actually had more time to object to the Report than he should have had even if he had received the Report when it was docketed on January 7, 2016.