IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Evans, | ) | C/A No.: 0:15-4954-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| York County, Inc.; City of Rock Hill, Inc.; B.H. Management; Paces River Apartment; Clifford Berinsky; Thomas I. Howard; Brownlee Law Firm, PLLC; Dina D. Biggs; Alyssa Pruitt; and Land Star Transportation Logistic, Inc., | ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Reginald Evans ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action seeking compensatory damages and injunctive relief. Plaintiff originally attempted to sue York County, City of Rock Hill, B.H. Management, Paces River Apartment ("Paces River"), Magistrate Judge Clifford Berinsky ("Berinsky"), Thomas I. Howard, Brownlee Law Firm, PLLC, Dina D. Biggs, Alyssa Pruitt, and Land Star Transportation Logistic, Inc. (collectively "Defendants"), alleging a violation of his constitutional rights. This matter comes before the court on Plaintiff's motion to amend [ECF No. 28].

I.     Factual and Procedural Background

Plaintiff alleges Defendants discriminated against him based on his race, disability, and age. [ECF No. 1 at 2]. Specifically, Plaintiff claims Paces River filed an application for ejectment in magistrate court against him on June 17, 2015. *Id.* at 3. Plaintiff states Paces River received a judgment in favor of ejectment that was stayed

until July 15, 2015. *Id.* Plaintiff alleges he filed a notice of appeal on July 9, 2015. *Id.* Plaintiff also claims he filed a complaint against Berinsky on July 17, 2015, concerning Berinsky's actions and behaviors in Plaintiff's ejectment action. *Id.* Plaintiff states the matter went before Judge Kimball in the Sixteenth Judicial Circuit on August 13, 2015, and the judgment of ejectment was affirmed. *Id.* Plaintiff claims he filed a notice of appeal with the South Carolina Court of Appeals ("Court of Appeals") on September 17, 2015, and the Court of Appeals dismissed his appeal on November 23, 2015. *Id.* Plaintiff alleges Berinsky signed a writ of ejectment on November 23, 2015, which was served on Plaintiff on November 25, 2015. *Id.* at 4. Plaintiff states the York County magistrate illegally evicted him on December 4. *Id.* Plaintiff claims on or around this same day, the City of Rock Hill refused to issue a warrant for the agents of Paces River. *Id.* at 4. Plaintiff seeks monetary damages and injunctive relief. *Id.*

On March 29, 2016, the Honorable Joseph F. Anderson, Jr., United States District Judge, adopted the undersigned's recommendation that Plaintiff's complaint be summarily dismissed. [ECF No. 15]. The undersigned's recommendation was based on Plaintiff's failure to plead sufficient allegations to state a claim upon which relief could be granted. [ECF No. 10]. Specifically, the undersigned noted that Plaintiff did not provide any factual allegations against B.H. Management, Thomas I. Howard, Brownlee Law Firm, PLLC, Dina D. Biggs, Alyssa Pruitt, and Land Star Transportation Logistic, Inc. *Id*. The undersigned further recommended the claims against York County, City of Rock Hill, Paces River and Berinksy, because Plaintiff had failed to allege facts stating a plausible cause of action. *Id*.

After Plaintiff appealed Judge Anderson's order and moved for reconsideration, Judge Anderson ordered that Plaintiff file an amended complaint by October 26, 2016, if he wished to continue this case. [ECF No. 26]. On October 28, 2016, Plaintiff filed the instant motion. [ECF No. 28]. Judge Anderson referred the case to the undersigned for further pretrial proceedings. [ECF No. 29].

II.     Discussion

Plaintiff may file an amended complaint to cure the deficiencies in his original complaint. [ECF No. 23, 26]. However, Plaintiff's motion to amend does not contain additional factual allegations, but instead argues that he cannot prove his claims without discovery.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (finding that plaintiff must "offer more detail,

3

however, than the bald statement that he has a valid claim of some type against the defendant").

Plaintiff's motion to amend is granted and Plaintiff is directed to file an amended complaint by November 30, 2016. Failure to file an amended complaint may result in the dismissal of his case. Plaintiff is advised that repetition of the allegations in his original complaint, without more, is insufficient to proceed in this court.

III.  Conclusion

Plaintiff's motion to amend [ECF No 28] is granted. Plaintiff is directed to file an amended complaint by November 30, 2016.

IT IS SO ORDERED.

*Shiva V. Hodges*

November 2, 2016                                    Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge