IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald Evans, ) | C/A No.: 0:15-4954-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| York County, Inc. and Rock Hill, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Reginald Evans ("Plaintiff"), proceeding pro se and in forma pauperis, filed an amended complaint against York County, Inc. and Rock Hill, Inc. (collectively "Defendants"), alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed his initial complaint on December 15, 2015, against York County; City of Rock Hill; B.H. Management; Paces River Apartment; Magistrate Judge Clifford Berinsky; Thomas I. Howard; Brownlee Law Firm, PLLC; Dina D. Biggs; Alyssa Pruitt; and Land Star Transportation Logistic, Inc., alleging a violation of his constitutional rights. [ECF No. 1]. On March 29, 2016, the Honorable Joseph F. Anderson, Jr., United States District Judge, adopted the undersigned's recommendation that Plaintiff's

complaint be summarily dismissed. [ECF No. 15]. The undersigned's recommendation was based on Plaintiff's failure to plead sufficient allegations to state a claim upon which relief could be granted. [ECF No. 10].

Plaintiff appealed Judge Anderson's order, and the Fourth Circuit Court of Appeals dismissed Plaintiff's appeal on August 22, 2016, finding that the order was not a final order because Plaintiff could remedy the deficiencies of his complaint by filing an amended complaint with sufficient factual allegations. [ECF Nos. 18, 23]. Plaintiff then filed a motion for reconsideration of Judge Anderson's order. [ECF No. 25]. Judge Anderson denied Plaintiff's motion as moot, noting his dismissal had been without prejudice, such that Plaintiff was free to file an amended complaint by October 26, 2016, if he wished to continue his case. [ECF No. 26]. On October 28, 2016, Plaintiff filed a motion to amend, which the undersigned granted on November 2, 2016. [ECF Nos. 28, 33]. On November 30, 2016, Plaintiff filed an amended complaint against Defendants. [ECF No. 35]. Plaintiff's amended complaint, quoted in its entirety, states:

> Come Now the Plaintiff, Reginald Evans amends his Complaint as follows:
>
> Claim 1: The Defendant denied the Plaintiff his right to due process. Defendant illegally evicted him on December 4, 2015. The Defendant should have been given 30 days to appeal South Carolina Court of Appeals dismissal on November 23, 2015. South Carolina Court of Appeal reinstated the appeal and currently set for a hearing.
>
> Claim 2: The Defendant illegally report a debt to credit reporting agency and to a collection agency damaging Plaintiff rating prior to a ruling by the South Carolina Court of Appeals.

2

> Claim 3: The Defendants failed to charge one of the defendants for practicing law without a license, thus violating Plaintiff equal protection rights.
>
> Claim 4: The Defendant failed to award the Plaintiff a default judgment and acted as counsel for one of the Defendants, thus violating Plaintiff's due process right and equal protection rights.

*Id.* (errors in original).

II.   Discussion

   A.   Standard of Review

Plaintiff filed his amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be

true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's complaint lacks sufficient factual allegations to state a claim against Defendants. Although Plaintiff alleges due process and equal protection violations, he fails to identify the actions specifically taken by each of the Defendants[1] violated his

---

[1] Additionally, to the extent Plaintiff seeks to sue York County, it is immune from suit pursuant to the Eleventh Amendment because counties are considered arms of the state in

4

constitutional rights. Plaintiff likewise fails to describe how each defendant was personally involved in the wrongful actions alleged in the amended complaint. Plaintiff also fails to plead or offer any grounds for relief. *See Bell Atlantic Corp.*, 550 U.S. at 544 (holding plaintiff must do more than make conclusory statements to state a claim); *Ashcroft*, 556 U.S. at 677–78 (finding a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions). Plaintiff's complaint fails to state a claim for relief, as his bare factual assertions do not meet the required pleading standards. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (finding that statute allowing dismissal of in forma pauperis claims "encompasses complaints that are either legally or factually baseless"). Accordingly, Plaintiff's amended complaint should be summarily dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

December 29, 2016                                Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

South Carolina. Additional, municipal liability pursuant to § 1983 is subject to substantial legal limitations.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).