IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Reginald Evans, | C/A No. 0:15-cv-04954-JFA |
|---|---|
| Plaintiff, | |
| v. | |
| York County, Inc. and B.H. Management, Pace River Apartment, | **ORDER** |
| Defendants. | |

## I.  INTRODUCTION

Reginald Evans ("Plaintiff"), proceeding pro se and *in forma pauperis*, brings this action against York County, Inc. and B.H. Management, Pace River Apartment, (collectively "Defendants"), claiming Defendants violated his constitutional rights. (ECF No. 73).

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opined that this Court should dismiss this case with prejudice and without issuance and service of process. (ECF No. 78 p. 7). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. On October 30, 2017, the Court received Plaintiff's objection to the Report. (ECF No. 81). Thus, this matter is ripe for review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in

---

[1] The Magistrate Judge's review was made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.).

1

part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2015, Plaintiff filed his initial complaint against York County; City of Rick Hill; B.H. Management; Paces River Apartment; Magistrate Judge Clifford Berinsky; Thomas I. Howard; Brownlee Law Firm, PLLC; Dina D. Biggs; Alyssa Pruitt; and Land Star Transportation Logistic, Inc., alleging a violation of his constitutional rights. (ECF No. 1). This Court dismissed the Complaint on March 29, 2016. (ECF No. 15). Thereafter, Plaintiff appealed, and the Fourth Circuit Court of Appeals found that Plaintiff could remedy the deficiencies in his original complaint by filing an amended complaint. (ECF Nos. 18, 23).

On November 30, 2016, Plaintiff filed an amended complaint against the City of Rock Hill, Inc., and York County, Inc. (ECF No. 35). Thereafter, the Magistrate issued a report and recommendation. (ECF No. 43). This Court subsequently adopted the Magistrate's recommendation and ordered that the amended complaint be summarily dismissed. (ECF No. 46). Plaintiff again appealed to the Fourth Circuit, and the Fourth Circuit remanded the case, giving Plaintiff the option to file another amended complaint. (ECF Nos. 49, 54). Plaintiff filed a second amended complaint on August 28, 2017 (ECF No. 66), and he subsequently filed a third amended complaint on September 25, 2017 (ECF No. 73). Plaintiff filed his third amended complaint

2

pursuant to 28 U.S.C. § 1915, which exempts him from the administrative costs of proceeding with the lawsuit.

## III.  DISCUSSION

In Plaintiff's third amended complaint, he challenges the rulings made by the Magistrate Court, which ultimately resulted in his eviction. (ECF No. 73 p. 6). In his Objection to the Magistrate's Report, Plaintiff asserts that "[t]he *Rooker-Feldman* doctrine does not preclude the federal court from proceeding in this case." (ECF No. 81 p. 2). Specifically, Plaintiff claims that he is not challenging the state court's decision. (ECF No. 81 p. 3). Instead, he asserts that the "defendant violated his due process constitutional rights for a fair hearing and processing eviction," and thus "the *Rooker-Felman* doctrine does not apply." (ECF No. 81 p. 3).

Under the *Rooker-Feldman* doctrine, however, a federal district court may not review the final determinations of state or local courts. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 463 (1983); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."). Moreover, this Court does not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 476; *see Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 199 (4th Cir. 1997) (citing *Feldman*, 460 U.S. at 486-87; *Leonard v. Suthard*, 927 F.2d 168, 169-70 (4th Cir. 1991)) ("The [*Rooker-Feldman*] doctrine extends not only to constitutional claims presented or adjudicated by the state courts but also to claims that are 'inextricably intertwined' with a state court judgment."). Therefore, Plaintiff's argument is unfounded, and this Court must adopt the Magistrate's recommendation.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law as modified. Accordingly, the Court adopts the Report (ECF No. 78), and the Plaintiff's case is summarily dismissed with prejudice and without issuance and service of process.

IT IS SO ORDERED.

November 15, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge